**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

NATHAN T. MUHAMMAD
ADC # 99544                                                                                                PLAINTIFF

V.                              CASE NO. 5:11CV00182 JMM/BD

CORRECTIONAL MEDICAL SERVICES, *et al.*                              DEFENDANTS

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

**II.**	**Background:**

Plaintiff Nathan T. Muhammad, an Arkansas Department of Correction ("ADC") inmate, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants Connie Hubbard and Genia Snyder were deliberately indifferent to his serious medical needs relating to gout. (Docket entry #5)

Defendants have moved for summary judgment (#22), contending that Mr. Muhammad did not exhaust his administrative remedies with respect to any claims against them. Mr. Muhammad has not responded to the motion, and the time to respond has expired. As a result, Defendants have asked that the Court deem as admitted the facts contained in their statement of undisputed facts, under Local Rule 56.1(c). (#27) Based on Mr. Muhammad's failure to respond to the motion for summary judgment, the facts contained in the Defendants' statement of undisputed facts should be deemed admitted. In addition, the Defendants' motion for summary judgment should be GRANTED.

**III.    Discussion:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

    B.    Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the

accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter whether the prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). And if exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss all claims that have not been exhausted. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners may be excused from exhausting administrative remedies, but only when correction officials have prevented them from using the procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). That is not the case here.

Administrative Directive 09-01 contains the Arkansas Department of Correction Grievance Procedure that was in effect during the time period relevant to this lawsuit. (#22-1) According to ADC 09-01, an inmate must specifically name each individual allegedly involved to allow a proper investigation of the grievance and response. In order to complete the grievances process with regard to a medical grievance, an inmate must appeal to the Deputy Director for Health and Correctional Programs. (#33-1 at pp.10-12; #24 at p.2)

According to the evidence presented, Mr. Muhammad filed only two medical grievances between July 13, 2008 and July 15, 2011. (#22-2 at p. 1) He did not appeal either of those grievances to the Deputy Director for Health and Correctional Programs. (#22-2 at p.1)

Mr. Muhammad has not come forward with any evidence to rebut the Defendants' evidence that he did not fully exhaust his administrative remedies as to his claims against them prior to filing this lawsuit. Nor has he provided evidence that he was prohibited from pursuing his administrative remedies. Based on the undisputed evidence, Mr. Muhammad did not fully exhaust a grievance against either Defendant Hubbard or Snyder, related to his medical condition, prior to filing this suit. For these reasons, Defendants are entitled to judgment as a matter of law.

## IV.   Conclusion:

The Court recommends that Defendants' motion to deem the facts contained in their statement of undisputed facts (#28) be GRANTED, and that their motion for summary judgment (#22) be GRANTED. Mr. Muhammad's claims should be DISMISSED, without prejudice.

DATED this 17th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE